FILED
CLERK
2/24/2016 1:18 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAUL TATIS,

          Petitioner,

   -against-

UNITED STATES OF AMERICA,

          Respondent.
------------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
13-CV-1320 (SJF)

      Raul Tatis ("Tatis" or "Petitioner") has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Docket Entry No. ("DE") 1, Mot. to Vacate, Set Aside or Correct Sentence (the "Petition"). For the reasons set forth below, the Petition is denied.

**I.    BACKGROUND**

      On November 4, 2011, Tatis pled guilty to one (1) count of conspiring to distribute and possess with intent to distribute at least one hundred (100) grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846. *See* DE 7-1, Ex. A, Tr. of Crim. Cause for Pleading. According to the plea agreement,[1] the Government contemplated a base offense level of thirty-two (32), to be reduced by two (2) levels for Tatis's acceptance of responsibility and one (1) level for his timely guilty plea, for a total offense level of twenty-nine (29). *See id.*, Ex. C, Plea Ag.; *see also United States v. Tatis*, No. 10-cr-508, DE 55, Gov.'s Sentencing Ltr. dated June 3, 2012. Tatis "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court

---

[1] The plea agreement in the record is not signed by either party. *See* DE 7-1, Ex. C, Plea Ag., at 6. However, both parties agree that Tatis signed the plea agreement. *See id.*, Ex. A, Tr. of Crim. Cause for Pleading, at 8-10, 15.

imposes a term of imprisonment of 121 months or below." DE 7-1, Ex. C, Plea Ag., at ¶ 4. "This waiver is binding without regard to the sentencing analysis used by the Court." *Id.* In its presentence investigation report ("PSR"), the United States Probation Office ("Probation") calculated a total offense level of thirty-six (36), based upon a base offense level of thirty-two (32) increased by two (2) levels for Tatis's obstruction of justice and an additional two (2) levels for his role in the offense. DE 7-1, Ex. B, PSR.

On June 5, 2012, Tatis was sentenced to, *inter alia*, one-hundred-and-twenty-one (121) months of imprisonment based upon a total offense level of thirty-one (31) and resulting sentencing range of one-hundred-and-eight (108) to one-hundred-and-thirty-five (135) months pursuant to the United States Sentencing Guidelines ("U.S.S.G."). DE 7-1, Ex. D, Sentencing Tr., at 11. This Court calculated Tatis's total offense level at thirty-six (36), and, not finding that Tatis had obstructed justice, reduced it by two (2) levels, but adopted the two (2)-level enhancement for Tatis's role in the offense proposed by Probation. *Id.* at 5. A two (2)-level reduction for Tatis's acceptance of responsibility and one (1)-level reduction for his timely guilty plea, both pursuant to U.S.S.G. § 3E1.1, were also applied to reach a final, total offense level of thirty-one (31), to which Tatis did not object. *Id.* at 8, 11. Based upon a total offense level of thirty-one (31) and an undisputed criminal history category of I, Tatis was sentenced to one-hundred-and-twenty-one (121) months of imprisonment. *Id.* at 11. Tatis did not directly appeal his conviction or sentence.

On March 8, 2013, Tatis moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. DE 1, Pet. He also asked to "be allowed to pursue his direct appeal or [for] an evidentiary hearing [to] be granted." DE 1, Pet'r's Br., at 23. The Government opposed the Petition on January 29, 2014, DE 7, Mem. in Opp'n to 2255 Pet.; Tatis did not file a reply.

## II. DISCUSSION

Tatis raises three (3) claims in his habeas petition: 1) that the Government violated the plea agreement by failing to move for a U.S.S.G. § 3E1.1 reduction of his base offense level during sentencing, DE 1, Br. in Support of Pet'r Raul Tatis ("Pet'r's Br."), at 20; 2) that the Government violated the plea agreement by agreeing with Probation's total offense level calculations, DE 1, Pet., at 5; and 3) that his trial counsel rendered ineffective assistance by not "consult[ing]" with him about filing an appeal, *id.* at 5-6.

### A. *Tatis is Procedurally Barred from Challenging his Sentence, because he did not seek Direct Review of his Sentence*

Initially, Tatis is procedurally barred from challenging his sentence based upon the Government's alleged violation of the plea agreement, because he failed to raise those claims in a direct appeal. "[I]f a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom or that he is 'actually innocent' of the crime of which he was convicted." *DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998) (quoting *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).

Tatis has not shown "cause" for failing to file a direct appeal, "actual prejudice resulting therefrom," or his "actual[] innocen[ce]." *See DeJesus*, 161 F.3d at 102. Insofar as Tatis argues that his trial counsel did not "consult" him regarding the filing of an appeal, DE 1, Pet. at 5, counsel's alleged failure to discuss an appeal with him does not constitute "cause." *See Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (*superseded on other grounds*) ("Attorney ignorance or inadvertence is not 'cause' . . . . In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation . . .

3

."). Tatis is therefore procedurally barred from raising claims challenging his sentence in his Petition.

### B. Tatis Waived his Right to Challenge his Sentence by Entering into the Plea Agreement

Tatis waived his right to collaterally attack his sentence in his plea agreement. The plea agreement provides that Tatis "agrees not to file an appeal or otherwise challenge, *by petition pursuant to 28 U.S.C. § 2255* or any other provision, the conviction *or sentence* in the event that the Court imposes a term of imprisonment of 121 months or below." DE 7-1, Ex. C, Plea Ag., at ¶ 4 (emphasis added). "This waiver is binding without regard to the sentencing analysis used by the Court." *Id.* Tatis knowingly and voluntarily entered into the plea agreement. *See* DE 7-1, Ex. A, Tr. of Crim. Cause for Pleading, at 3, 6, 7, 10. He was sentenced to a term of imprisonment of one-hundred-and-twenty-one (121) months. DE [ ], Ex. D, Sentencing Tr., at 11. Pursuant to the terms of the plea agreement, Tatis waived his right to collaterally attack his sentence.

### C. The Government Moved for a U.S.S.G. § 3E1.1 Sentence Reduction

Tatis argues that the Government violated the plea agreement by failing to move for a reduction of his base offense level during sentencing based upon U.S.S.G. § 3E1.1. DE 1, Pet'r's Br., at 20. Section 3E1.1 of the U.S.S.G. provides that:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities . . . by timely notifying authorities of his intention to enter a plea of guilty, . . . decrease the offense level by **1** additional level.

4

U.S.S.G. § 3E1.1 (*effective* Nov. 1, 2011); *see* U.S.S.G. § 1B1.11(a) (providing that courts shall use the version of the U.S.S.G. "in effect on the date that the defendant is sentenced").

At Tatis's sentencing, the Government recommended a three (3)-level reduction of his base offense level from thirty-two (32) to twenty-nine (29) pursuant to U.S.S.G. § 3E1.1. *See United States v. Tatis*, No. 10-cr-508, DE 55, Gov.'s Sentencing Ltr. dated June 3, 2012. The Government "respectfully assert[ed] that Tatis' [sic] total adjusted offense level be calculated at 29, which includes consideration for acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1(a) and timely notification of a guilty plea pursuant to U.S.S.G. § 3E1.1(b). *Id.* at 3. The Court included the same three (3)-level reduction pursuant to U.S.S.G. § 3E1.1, which the Government had recommended. DE 7-1, Ex. D, Sentencing Tr., at 4. Tatis's claim that the Government failed to move for a U.S.S.G. § 3E1.1 reduction is therefore factually meritless.

### D. *The Government did not Endorse Probation's Sentencing Recommendation*

Tatis also argues that the Government violated the plea agreement by agreeing with Probation's higher, total offense level sentencing calculations. DE 1, Pet., at 5. Probation recommended a base offense level of thirty-six (36). DE 7-1, Ex. B, PSR, at 7. The Government expressly agreed with *defense counsel's* sentencing calculations and lower base offense level of twenty-nine (29). DE 7-1, Ex. D, Sentencing Tr., at 2 ("THE COURT: . . . . [T]he government is siding, so to speak, with Mr. Obedin [defense counsel] with his calculations. Is that correct? MR. TIERNEY [for the Government]: Yes, your Honor. For the reasons stated in my letter, yes."); *United States v. Tatis*, No. 10-cr-508, DE 55, Gov.'s Sentencing Ltr. dated June 3, 2012, at 3 ("[T]he government respectfully asserts that Tatis' [sic] total adjusted offense level be calculated at 29 . . . ."). Therefore, Tatis's claim is factually without merit.

## E. Trial Counsel did not Render Ineffective Assistance

Tatis contends that his trial counsel, Mr. Glenn A. Obedin, Esq. ("Mr. Obedin"), was ineffective for allegedly failing to "consult" with him about filing an appeal. DE 1, Pet., at 5-6. To prevail on a Sixth Amendment ineffective assistance of counsel claim, a defendant must prove both that: 1) his counsel's representation "fell below an objective standard of reasonableness" measured against "prevailing professional norms;" and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). The defendant must overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.'" *Knowles v. Mirzayance,* 556 U.S. 111, 124, 129 S. Ct. 1411, 1420, 173 L. Ed. 2d 251 (2009) (quoting *Strickland*, 466 U.S. at 689).

In his plea agreement, Tatis waived his right to an appeal. "The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 121 months or below. This waiver is binding without regard to the sentencing analysis used by the Court." DE 7-1, Ex. C, Plea Ag., at ¶ 4. The term of imprisonment that was imposed was 121 months. *Id.*, Ex. D, Sentencing Tr., at 11. Accordingly, Tatis waived the right to an appeal.

Moreover, Tatis has not identified any error that Mr. Obedin allegedly made and has thus failed to satisfy either prong of *Strickland*. Tatis alleges only that Mr. Obedin failed to "consult" with him about an appeal but does not explain how any alleged failure to "consult" on an appeal may constitute ineffective assistance where Tatis had previously waived his right to an appeal. In addition, Mr. Obedin affirms, and Tatis does not dispute, that "Tatis never asked or directed

me to file an appeal on his behalf." DE 7-1, Ex. E, Obedin Aff., at ¶ 7. Based upon these facts, Tatis has not overcome the "strong presumption" that Mr. Obedin's conduct was proper and did not constitute ineffective assistance pursuant to *Strickland* and in violation of the Sixth Amendment. *Knowles,* 556 U.S. at 124, 129 S. Ct. at 1420, 173 L. Ed. 2d 251.

### F. *An Evidentiary Hearing is Improper, and Summary Dismissal is Appropriate*

Tatis requests to "be allowed to pursue his direct appeal or [for] an evidentiary hearing [to] be granted." DE 1, Pet'r's Br., at 23. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (*effective* February 1, 1977, *amended* February 1, 2010). Because Tatis's claims are wholly without merit, an evidentiary hearing is unnecessary, and the Petition is denied.

## III. CONCLUSION

For the reasons stated above, Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, as well as his requests to reinstate his right to a direct appeal and for an evidentiary hearing, are denied. As Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court shall enter judgment accordingly, close this case, and serve notice of entry of this Order upon all parties in accordance with Federal Rule of Civil Procedure 77(d)(1), including mailing a copy of this Order to Petitioner at his last known address.

**SO ORDERED.**

                                                               s/ Sandra J. Feuerstein
                                                               Sandra J. Feuerstein
                                                               United States District Judge

Dated: February 24, 2016
       Central Islip, New York